FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KIM EUGENE BRAIN and JULIE LYNN BRAIN,<br><br>Defendants. | No. 1:25-CV-03075-JAG<br><br>ORDER GRANTING DEFAULT JUDGMENT AS TO JULIE LYNN BRAIN<br><br>**MOTION GRANTED**<br>**(ECF No. 13)** |

Pending before the Court is Plaintiff's Motion for Default Judgment, Interpleader, Discharge, and Dismissal.  ECF No. 13.  Following entry of the Clerk's Order of Default, ECF No. 11, Plaintiff seeks default judgment against Julie Lynn Brain due to her failure to appear in the case.  Fed. R. Civ. P. 55 authorizes entry of default judgment by the clerk where a defendant fails to appear and plaintiff's claim is for a sum certain, but when, as in this case, Plaintiff seeks nonmonetary relief, the Plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.  Although "default judgments are ordinarily disfavored," where a Defendant has not appeared, a court may grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

ORDER - 1

The following factors guide the Court's analysis of whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Defendant Julie Brain has not appeared or filed an Answer, despite demonstrating the wherewithal to file her own lawsuit. *See Brain v. Brain*, 1:25-CV-03119-JAG. Plaintiff's failure to respond to the suit makes it difficult for the Court to assess her position, but upon review of the *Eitel* factors and the case, the Court finds that all factors except the fourth factor weigh in favor of granting default judgment. First, without default Plaintiff will have no remedy, thus the possibility of prejudice is great. Considering the second, third and fifth factors together, the Complaint appears to state a clear claim and facts supporting that claim. Based on the Court's review of the Complaint, the substantive claims have merit, the Complaint is sufficient, and the material facts appear to be largely undisputed. The primary point of contention appears to be whether Plaintiff should have considered Defendant Julie Brain's contribution via community property to the decedent's (Defendant's former husband) life insurance when determining the beneficiary rather than honoring the designated beneficiary. This is primarily a legal determination, not an issue of contested material fact. As for the sixth factor, the Court has no indication that the default was due to excusable neglect. The Answer was due July 2, 2025. Despite initiating her own lawsuit, Julie Brain never appeared or filed anything addressing the instant lawsuit despite having been personally served. Lastly, turning to the fourth factor, although the sum of money

ORDER - 2

at stake is substantial, the amount does not countervail the factors weighing in favor of default judgment. Therefore, although strong policy favors resolution on the merits, the *Eitel* factors weigh in favor of granting default.

Julie Lynn Brain filed an Interpleader Action against Kim E. Brain, co-Defendant in *Brain v. Brain*, 1:25-CV-3119-JAG. The Court will dismiss that case with prejudice under separate order.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment as to Julie Brain, **ECF No. 13**, is **GRANTED**.

2. The Court finds that Defendant Julie Brain has forfeited any and all rights and claims to the Certificate's death benefit. Consequently, Protective shall deposit the Certificate's $200,000.00 death benefit into the Court's Registry.

3. Protective Life is discharged of liability arising from the Certificate and/or Certificate's death benefit. Further suit on the policy/certificate and benefit addressed in *Brain v. Brain*, 1:25-CV-03075-JAG will not be entertained.

4. This case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter a judgment in favor of Plaintiff and **CLOSE** this file.

DATED January 21, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3